Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Amanda Lyn Genovese**

October 9, 2018

**VIA ECF**
Honorable Joan M. Azrack
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Long Island Neurological Associates P.C. v. Empire Blue Cross Blue Shield*
     **No. 18-cv-03963-JMA-AYS**
     **Pre-Motion Conference Request Pursuant to Rule IV(B)**

Dear Judge Azrack:

In accordance with Rule IV(B) of Your Honor's Individual Rules, Defendant Empire HealthChoice Assurance, Inc. ("Empire") submits this request for a pre-motion conference and/or for the Court to set a briefing schedule to allow Empire to file a motion to dismiss the Amended Complaint ("Am. Compl.") of Plaintiff Long Island Neurological Associates P.C. ("Plaintiff").

Plaintiff, an out-of-network healthcare provider, asserts claims under the Employee Retirement Income Security Act of 1974 ("ERISA") for its patient's (the "Patient") health benefits. The Amended Complaint, however, fails to meet the pleading requirements and should be dismissed under Rules 12(b)(6).

## I.  **Legal Standard**

Rule 8(a)(2) of the FRCP requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court must also ensure that the pleading requirements of Rule 8(a)(2) are satisfied. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2001). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Pursuant to Rule 12(b)(6), a claim will survive a motion to dismiss only if it "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's Amended Complaint fails to identify anything more than the conclusory allegations prohibited by *Twombly* and *Iqbal*. Plaintiff does not identify any provisions of the Patient's health benefits plan (the "Plan") which have allegedly been violated—because it cannot do so, as the medical claims at issue were administered in accordance with the Plan.

October 9, 2018
Page 2



## II.  Plaintiff Fails to State a Claim for Benefits Under §502(a)(1)(B)

To prevail on an §502(a)(1)(B) claim "a plaintiff must show that (1) the plan is covered by ERISA, (2) plaintiff is a participant or beneficiary of the plan, and (3) plaintiff was wrongfully denied [benefits] owed under the plan." *Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir. 2009) (internal citations omitted).  It is impossible to determine from Plaintiff's allegations what benefits, if any, have been denied and whether the denials were improper under the terms of the Plan:  Plaintiff has not alleged the third element of a § 502(a)(1)(B) claim.  At a minimum, to state a plausible claim for relief, Plaintiff must allege facts regarding the stated reasons given for the denial of specific claims, as well as facts establishing that the denial of those claims was arbitrary and capricious under the Plan.  *See, e.g., Ranno v. Hartford Life & Accident Ins. Co.*, No. 09 civ. 7440, 2010 U.S. Dist. LEXIS 65463, at *7-8 (S.D.N.Y. May 14, 2010).

Despite having the Plan (as evidenced by Plaintiff's citation of the same (Am. Compl. ¶ 16)), Plaintiff does not reference a term that has allegedly been violated. Instead, it merely alleges in conclusory fashion that it was "under-reimbursed" without pleading any facts concerning any provision requiring it be paid more to support its conclusion.  Am. Compl. ¶ 46.  Courts have dismissed similarly ill-pleaded ERISA claims. *See Prof'l Orthopaedic Assocs., PA v. 1199 Nat'l Benefit Fund*, No. 16-cv-4838 (KBF), 2016 U.S. Dist. LEXIS 161774 (S.D.N.Y. Nov. 22, 2016) ("*1199 Nat'l*") *aff'd*, 697 F. App'x 39 (2d Cir. Sept. 6, 2017) (plaintiffs did not "plausibly stated a claim for relief under ERISA § 502(a)(1)(B)" because the "complaint alleges that the [defendant] is required to pay the 'usual, customary and reasonable rates' for services rendered by the out-of-network providers [] but it fails to identify any provision in the plan documents requiring the [defendant] to pay such rates."); *Guerrero v. FJC Sec. Servs.*, No. 09-CV-216 (SHS) (RLE), 2010 U.S. Dist. LEXIS 151004 at *3 (S.D.N.Y. May 26, 2010) (dismissing an ERISA claim on the ground that the plaintiff submitted "no facts or information which would indicate a plausible claim for relief" and "merely" made "conclusory allegations" and submitted the health benefits plans), *aff'd*, 423 F. App'x 14 (2d Cir. 2011).

Plaintiff's conclusory allegations are insufficient to state a cause of action.  *See Nyame v. Bronx Leb. Hosp. Ctr.*, No. 08 Civ. 9656, 2010 U.S. Dist. LEXIS 33949, at *18 (S.D.N.Y. Mar. 31, 2010) (holding that conclusory statements that someone was denied benefits that were allegedly owed "are insufficient to make out a plausible claim under

October 9, 2018
Page 3



---

ERISA"). Accordingly, Count One of the Complaint as against Empire should be dismissed.

For these reasons, among others,[1] we submit to Your Honor the basis for Empire's request to file a motion to dismiss. We thank Your Honor for your consideration of this matter.

Respectfully submitted,

Amanda Lyn Genovese

cc: All Counsel of Record (via ECF)

---

[1] Empire reserves its rights to assert additional arguments in support of dismissal, yet to be discovered.