# AXELROD LLP
## 830 Third Avenue, Fifth Floor
## New York, New York 10022
## (646) 448-5263

Robert J. Axelrod
rjaxelrod@axelrodllp.com

October 11, 2018

Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    **Re:** **Long Island Neurosurgical Associates, P.C. v.**
      **Empire Blue Cross Blue Shield**
      <u>**Civil Action No. 2:18-cv-03963-JMA-AYS**</u>

Dear Judge Azrack:

  Pursuant to ¶ 4(B) of Your Honor's Local Rules, Plaintiff Long Island Neurosurgical Associates, P.C. ("LINA") hereby responds to Defendant Empire Blue Cross Blue Shield's ("Empire") request for a pre-motion conference to set a briefing schedule to allow Empire to file a motion to dismiss the amended complaint.

  LINA does not object to a pre-motion conference.  It does, however, point to the futility of Empire's motion to dismiss the Amended Complaint, as discussed below, and therefore objects to the scheduling of a briefing schedule.

  Empire filed its first pre-motion conference letter on August 15, 2018 to request a briefing schedule to file a motion to dismiss the complaint.  LINA responded on September 5, 2018, requesting leave to file an amended complaint by September 28, 2018, which it said would moot the need for a pre-motion conference.  LINA filed the amended complaint on September 24, 2018. On October 5, 2018, this Court entered an order finding as moot Empire's motion for a pre-motion conference, noting that LINA had filed an amended complaint.

  Four days later, Empire moves again for a pre-motion conference to set a briefing schedule to dismiss, this time to dismiss the amended complaint.  It makes a single contention why LINA fails to state a claim for unpaid benefits under § 502(a)(1)(B).  It states that "Plaintiff does not identify any provisions of the Patient's health benefits plan (the "Plan") which have allegedly been

Axelrod LLP          Axelrod LLP
**830 Third Avenue, 5th floor**     **354 North Fourth Avenue**
**New York, NY 10022**       **Highland Park, NJ 08904**
**(646) 448-5263**         **(732) 718-6171**

Honorable Joan M. Azrack
October 11, 2018
page 2

violated."  It also states that "it is impossible to determine from Plaintiff's allegations what benefits, if any, have been denied and whether the denials were improper under the terms of the Plan."  Finally, Empire states that the Amended Complaint "does not reference a term that has allegedly been violated."  These statements are without merit.

The Amended Complaint, in the section entitled, "Factual Allegations," very clearly alleges what benefits have been denied.  Paragraph 13 alleges these six procedures by CPT code, amount billed and paid amount (and therefore the amount left under-reimbursed).  Paragraphs 14-15 allege that Empire gave incorrect, unreasonable and invalid reasons for these denials.

Paragraph 16 sets out (and quotes from) the Plan language respecting reimbursement for non-participating providers such as LINA.  It states: the "Allowed Charge" under the Plan is defined as the "lesser of the amount that the Fund would have paid an Empire Blue Cross/Blue Cross Preferred Provider for the procedure or the provider's actual charge for the procedure."  This means that the Plan promised to pay the lesser of LINA's actual charge or what Empire paid its participating providers for these procedures.

The Amended Complaint goes on to allege that given the expertise necessary to perform the surgery necessary for this patient and its complexity, there were no neurosurgeons in Empire's network.  Am. Compl. ¶ 17.  Consequently, Empire should have paid LINA its actual charge, Am. Compl. ¶ 18, or alternatively, Empire should have offered LINA a Single Case Agreement. Am. Compl. ¶ 20.

The Amended Complaint indisputably identifies the provision of the Patient's Plan that was violated and quantifies the unpaid benefits.  These are the opposite of conclusory allegations.  Given this, Empire's proposed motion to dismiss the amended complaint claiming its allegations are merely conclusory would be futile.

Empire reserves its rights to assert additional arguments, "yet to be discovered."  It should not be permitted to assert additional arguments beyond those set out in its pre-motion conference letter. The purpose of a pre-motion conference is to determine whether it is necessary to set a briefing schedule on the requested motion, *as described in the letter requesting the conference*.  Reserving rights to assert additional arguments negates the entire purpose of the pre-motion conference procedure.  LINA respectfully requests that Empire not be permitted to assert additional arguments in the event that the Court does set a briefing schedule.

For the reasons set out above, LINA respectfully (1) does not object to the requested pre-motion conference; and (2) objects to setting a briefing schedule on Empire's requested motion to dismiss because such a motion would be futile.

**Axelrod LLP**
**830 Third Avenue, 5th floor**
**New York, NY 10022**
**(646) 448-5263**

**Axelrod LLP**
**354 North Fourth Avenue**
**Highland Park, NJ 08904**
**(732) 718-6171**

Honorable Joan M. Azrack
October 11, 2018
page 3

Respectfully submitted,

/s/ Robert J. Axelrod

Robert J. Axelrod

cc:      Counsel of record via ECF

**Axelrod LLP**
**830 Third Avenue, 5th floor**
**New York, NY 10022**
**(646) 448-5263**

**Axelrod LLP**
**354 North Fourth Avenue**
**Highland Park, NJ 08904**
**(732) 718-6171**