**SLEVIN & HART, P.C.**
**Attorneys at Law**
**1625 Massachusetts Avenue, NW, Suite 450**
**Washington, DC 20036**
**202/797-8700**
**FAX: 202/234-8231**

RICHARD S. SIEGEL
ATTORNEY AT LAW

RSIEGEL@SLEVINHART.COM

October 15, 2018

***Via CM/ECF***

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Long Island Neurosurgical Associates, P.C. v. Empire Blue Cross Blue Shield, et al.*, Case No. 2:18-cv-03963-JMA-AYS

Dear Judge Azrack:

This firm is counsel for Defendant Division 1181 A.T.U. New York Welfare Fund (the "Fund"). Pursuant to Rule IV(B) in your Individual Rules, the Fund respectfully submits this in response to the letter filed by Defendant Empire HealthChoice Assurance, Inc. ("Empire") requesting a pre-motion conference or a briefing schedule for Empire's intended motion to dismiss (ECF #12).

The Fund was recently served in this case, and, in fact, its responsive pleading is not due until October 23 because Plaintiff Long Island Neurosurgical Associates, P.C. ("Plaintiff") only named the Fund as a defendant when it filed its Amended Complaint after this case was removed to this Court by Empire. Nevertheless, the Fund has reviewed Empire's letter, as well as Plaintiff's letter responding to same (ECF #13), and the Fund concurs with Empire's evaluation and anticipates that it is likely to join Empire's motion to dismiss which the Fund believes would also be dispositive of Count II in Plaintiff's Amended Complaint, which purports to state a similar claim against the Fund as the claim against Empire in Count I. The Fund is continuing to evaluate other potential grounds for dismissal, but given that the Court requires letters such as this to be filed within seven days of the initial letter, the Fund did not want to further delay expressing its support for Empire's position.

Given the parties' respective positions as stated in the letters previously filed by Empire and Plaintiff, the Fund believes that it is appropriate to set a briefing schedule without requiring a pre-motion conference. In the event that Plaintiff believes that the arguments noted by Empire do not justify dismissal, Plaintiff is free to raise those arguments in its opposition to a motion to dismiss.


In the event that the Court intends to convene a pre-motion conference, because the Fund may simply join the arguments raised by Empire, and because the Fund's counsel is based in Washington, D.C., the Fund would request that any pre-motion conference be conducted by telephone. In the alternative, the Fund would request that at least its counsel be allowed to appear by telephone for any such pre-motion conference.

The Fund further notes that this letter is intended to comply with the provision of Rule IV(B) in your Individual Rules which provides that "[s]ervice of a pre-motion letter by the moving party within the time requirements established by statute or the Federal Rules of Civil Procedure for the filing of a motion (such as FRCP 12), shall constitute timely service of the motion." As noted above, the Fund intends to join Empire's motion to dismiss or potentially file its own motion. Accordingly, the Fund intends that this letter shall serve as its responsive pleading pending further action by the Court.

The Fund thanks the Court for its consideration of this letter.

Respectfully submitted,

*/s/ Richard S. Siegel*
Richard S. Siegel
Counsel for the Fund

Cc: All counsel of record (via ECF)

RSS:4146.87

20673251v2