**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LONG ISLAND NEUROSURGICAL ASSOCIATES, P.C., | CIVIL ACTION NO.: 2:18-cv-03963-JMA-AYS |
| Plaintiff, | Honorable Joan M. Azrack |
| v. | |
| EMPIRE BLUE CROSS BLUE SHIELD, and DIVISION 1181 A.T.U. NEW YORK WELFARE FUND, | |
| Defendants. | |

---

## MEMORANDUM OF LAW OF
## DEFENDANT EMPIRE HEALTHCHOICE ASSURANCE, INC.
## IN SUPPORT OF ITS MOTION TO DISMISS

---

TROUTMAN SANDERS LLP
Amanda Lyn Genovese
875 Third Avenue
New York, NY 10022
Telephone:     (212) 704-6000
Facsimile:     (212) 704-6288

*Attorneys for Defendant Empire HealthChoice Assurance, Inc.*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

    Procedural Background and General Allegations ............................................................. 2

    The Plan and Plaintiff's Allegations Concerning the Plan ................................................. 3

ARGUMENT ......................................................................................................................... 6

    I.       STANDARD OF REVIEW ................................................................................. 6

    II.     PLAINTIFF FAILS TO STATE A CLAIM UNDER ERISA FOR
            ADDITIONAL BENEFITS ................................................................................. 8

    III.    PLAINTIFF'S DEMAND FOR ADDITIONAL DAMAGES AND
            OTHER RELIEF SHOULD BE STRICKEN ...................................................... 11

CONCLUSION ..................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aiken v. Nixon*,
   236 F. Supp. 2d 211 (N.D.N.Y. 2002) *aff'd*, 80 F. App'x 146 (2d Cir. 2003) .........................7

*Allco Fin., Ltd. v. Klee*,
   861 F.3d 82 (2d Cir. 2017)..................................................................................................3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................................6, 7

*Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*,
   No. 17-cv-4600 (FLW), 2018 U.S. Dist. LEXIS 47181 (D.N.J. Mar. 22, 2018) ....................9

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   763 F. Supp. 2d 423 (S.D.N.Y. 2011).....................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................................7, 9

*Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*,
   No. 10-cv-04911-EJD, 2011 U.S. Dist. LEXIS 75433 (N.D. Cal. July 13,
   2011) .................................................................................................................................10

*Furlong v. Long Island Coll. Hosp.*,
   710 F.2d 922 (2d Cir. 1983).................................................................................................7

*Giordano v. Thompson*,
   564 F.3d 163 (2d Cir. 2009).................................................................................................8

*Levy ex rel. Immunogen Inc. v. Southbrook Int'l Invs., Ltd.*,
   263 F.3d 10 (2d Cir. 2001), *cert. denied*, 535 U.S. 1054 (2002)..........................................3

*Intellectual Capital Partner v. Institutional Credit Partners LLC*,
   No. 08-cv-10580, 2009 U.S. Dist. LEXsIS 58768 (S.D.N.Y. July 8, 2009) ............................6

*Long Island Neurosurgical Associates, P.C. v. Aetna Life Insurance Company*,
   No. 2:18-cv-02144-DRH-GRB (E.D.N.Y. Apr. 11, 2018)........................................................1

*Long Island Neurosurgical Associates, P.C. v. Anthem BlueCross BlueShield of
   Colorado*,
   No. 2:18-cv-06120-SJF-AKT (E.D.N.Y. Nov. 01, 2018)........................................................1

*Long Island Neurosurgical Associates, P.C. v. BlueCross BlueShield of Alabama*,
   No. 2:18-cv-05989-SJF-SIL (E.D.N.Y. Oct. 25, 2018).............................................................1

*Long Island Neurosurgical Associates, P.C. v. BlueCross BlueShield of Georgia*,
No. 2:18-cv-06131-SJF-SIL (E.D.N.Y. Nov. 01, 2018)......................................................1

*Long Island Neurosurgical Associates, P.C. v. Cigna Corporation*,
No. 2:18-cv-04107-DRH-AYS (E.D.N.Y. July 18, 2018)...................................................1

*Long Island Neurosurgical Associates, P.C. v. Empire Blue Cross Blue Shield*,
No. 2:18-cv-03970-SJF-AYS (E.D.N.Y. July 10, 2018).....................................................1

*Long Island Neurosurgical Associates, P.C. v. Empire Blue Cross Blue Shield*,
No. 2:18-cv-04229-JMA-SIL (E.D.N.Y. July 26, 2018).....................................................1

*Long Island Neurosurgical Associates, P.C. v. Empire Blue Cross Blue Shield*,
No. 2:18-cv-05928-JFB-AKT (E.D.N.Y. Oct. 23, 2018) ....................................................1

*Long Island Neurosurgical Associates, P.C. v. Highmark Blue Shield*,
No. 2:18-cv-00081-DRH-AYS (E.D.N.Y. Jan. 05, 2018).....................................................1

*Majied v. New York City Dep't of Educ.*,
No. 16-cv-5731(JMF), 2018 WL 333519 (S.D.N.Y. Jan. 8, 2018) .........................................9

*Mass. Mut. Life Ins. Co. v. Russell*,
473 U.S. 134 (1985)..........................................................................................11

*McDonough v. Horizon BCBS*,
No. 09-cv-571, 2009 U.S. Dist. LEXIS 93642 (D.N.J. Oct. 7, 2009) ....................................10

*N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*,
798 F.3d 125 (2d Cir. 2015)...................................................................................8

*Nyame v. Bronx Leb. Hosp. Ctr.*,
No. 08-cv-9656, 2010 U.S. Dist. LEXIS 33949 (S.D.N.Y. Mar. 31, 2010)..........................10

*Prof'l Orthopaedic Assocs., PA v. 1199 Nat'l Benefit Fund*,
No. 16-cv-4838 (KBF), 2016 U.S. Dist. LEXIS 161774 (S.D.N.Y. Nov. 22,
2016), *aff'd*, 697 F. App'x 39 (2d Cir. 2017) ................................................... passim

*Pruter v. Local 210's Pension Tr. Fund*,
No. 15-cv-1153, 2016 U.S. Dist. LEXIS 30499 (S.D.N.Y. Feb. 8, 2016),
*vacated and remanded on other grounds*, 858 F.3d 753 (2d Cir. 2017)...................................9

*Smith v. Local 819 I.B.T. Pension Plan*,
291 F.3d 236 (2d Cir. 2002)...........................................................................3, 6, 7

This memorandum of law is respectfully submitted on behalf of Defendant Empire HealthChoice Assurance, Inc. d/b/a Empire Blue Cross Blue Shield ("Empire") in support of its motion for an order dismissing the Amended Complaint of Plaintiff Long Island Neurosurgical Associates, P.C. ("Plaintiff") [Dkt. 8] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

Plaintiff's lawsuit is yet another in a series of cases filed within the past year.[1]  Plaintiff, an out-of-network healthcare provider, asserts an ERISA[2] claim against Empire seeking an additional payment purportedly owed for services rendered to a patient under the patient's health benefits plan.  As evidenced by the numerous, nearly identical filings, Plaintiff has made it a business practice of using this Court as a claims adjuster, filing complaints without anything more than a hope that some basis underlying its claims exist.  However, when Plaintiff's allegations are scrutinized, it becomes clear that Plaintiff's Amended Complaint is subject to dismissal.

Ultimately, Plaintiff has not (and cannot) state a claim under ERISA for additional reimbursements against Empire.  As the Second Circuit held in *Prof'l Orthopaedic Assocs., PA v.*

---

[1] *See Long Island Neurosurgical Associates, P.C. v. Highmark Blue Shield*, No. 2:18-cv-00081-DRH-AYS (E.D.N.Y. Jan. 05, 2018); *Long Island Neurosurgical Associates, P.C. v. Aetna Life Insurance Company*, No. 2:18-cv-02144-DRH-GRB (E.D.N.Y. Apr. 11, 2018); *Long Island Neurosurgical Associates, P.C. v. Empire Blue Cross Blue Shield*, No. 2:18-cv-03970-SJF-AYS (E.D.N.Y. July 10, 2018); *Long Island Neurosurgical Associates, P.C. v. Cigna Corporation*, No. 2:18-cv-04107-DRH-AYS (E.D.N.Y. July 18, 2018); *Long Island Neurosurgical Associates, P.C. v. Empire Blue Cross Blue Shield*, No. 2:18-cv-04229-JMA-SIL (E.D.N.Y. July 26, 2018); *Long Island Neurosurgical Associates, P.C. v. Empire Blue Cross Blue Shield*, No. 2:18-cv-05928-JFB-AKT (E.D.N.Y. Oct. 23, 2018); *Long Island Neurosurgical Associates, P.C. v. BlueCross BlueShield of Alabama*, No. 2:18-cv-05989-SJF-SIL (E.D.N.Y. Oct. 25, 2018); *Long Island Neurosurgical Associates, P.C. v. Anthem BlueCross BlueShield of Colorado*, No. 2:18-cv-06120-SJF-AKT (E.D.N.Y. Nov. 01, 2018); *Long Island Neurosurgical Associates, P.C. v. BlueCross BlueShield of Georgia*, No. 2:18-cv-06131-SJF-SIL (E.D.N.Y. Nov. 01, 2018).

[2] The Employee Retirement Income Security Act of 1974 ("ERISA").

*1199SEIU Nat'l Benefit Fund*, 697 F. App'x 39, 41 (2d Cir. 2017) ("*1199SEIU*"), a plaintiff's failure to identify any provision in the controlling plan requiring a defendant to pay higher reimbursements renders ERISA claims for additional reimbursements deficient as a matter of law. Plaintiff's threadbare allegations in this case are similar to those allegations found lacking in *1199SEIU*. Accordingly, Plaintiff's Amended Complaint should be dismissed in its entirety and with prejudice.

## STATEMENT OF FACTS[3]

**Procedural Background and General Allegations**

On or about May 31, 2018, Plaintiff filed a complaint against Empire in the Supreme Court of the State of New York, County of Nassau (Index No. 607318/2018). On July 10, 2018, Empire removed the action based on subject matter jurisdiction [Dkt. 1]. On August 15, 2018, Empire filed a pre-motion letter-request for a conference [Dkt. 5]. In response to Empire's request, on September 5, 2018, Plaintiff filed a letter requesting leave to file an amended complaint [Dkt. 7]. On September 24, 2018, Plaintiff filed the Amended Complaint and added Defendant Division 1181 A.T.U. New York Welfare Fund (the "Fund") as a party [Dkt. 8]. On October 05, 2018, this Court issued an Order declaring Empire's previous request for a conference moot and Plaintiff's letter opposing Empire's request also moot. On October 9, 2018, Empire filed a new letter requesting a pre-motion conference concerning the Amended Complaint, which was subsequently granted [Dkt. 12]. A telephonic pre-motion conference was held on November 27, 2018, whereby the Court granted Defendants permission to proceed with filing motions to dismiss the Amended Complaint [Dkt. 21]. Pursuant to a joint proposed briefing schedule [Dkt. 23], which was approved by the Court on December 3, 2018, Empire timely moves to dismiss Plaintiff's Amended

---

[3] Empire references the allegations in the Amended Complaint as required under the FRCP, however, Empire does not concede that such statements are true and correct.

Complaint.

In the Amended Complaint, Plaintiff alleges that it is an out-of-network healthcare provider in Nassau County, New York. Am. Compl. ¶¶ 8, 15. Plaintiff alleges that it did not have a contract with Empire as an "in-network" participating provider in 2016; rather, Plaintiff brings this action against Empire as an alleged assignee of benefits from Plaintiff's patient, BK (the "Patient"), seeking over $130,000 in additional reimbursements. *Id*. ¶¶ 13, 31. Broadly, Plaintiff's claims stem from Plaintiff's allegations that there was an underpayment for out-of-network services purportedly rendered to the Patient on July 8, 2016 (the "Services"). *Id*. ¶ 11. To support its ERISA claims, Plaintiff alleges that it submitted an invoice on a "CMS-1500 form" for the Services totaling $137,830.50, but only $3,381.96 was reimbursed. *Id*. ¶ 13. Plaintiff, however, fails to allege a single violation of any terms of the Patient's ERISA-governed health benefits plan.

The Amended Complaint asserts one cause of action against Empire and one cause of action against the Fund, both under § 502(a)(1)(B) of ERISA.

### The Plan and Plaintiff's Allegations Concerning the Plan

The Patient is a member/beneficiary of the Division 1181 A.T.U. New York Welfare Fund health plan (the "Plan"); the pertinent Plan document is attached as **Exhibit A** to the Declaration of Amanda Lyn Genovese ("Genovese Decl.").[4] As stated in the Plan, it is the responsibility of

---

[4] "For the purpose of a motion to dismiss under Rule 12(b)(6), 'the complaint is deemed to include any written instrument attached to it as an exhibit or any statements *or documents incorporated in it by reference*.'" *Allco Fin., Ltd. v. Klee*, 861 F.3d 82, 97 n.13 (2d Cir. 2017) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)) (emphasis added) *cert. denied*, 138 S. Ct. 926 (2018). Courts may properly consider plan documents in deciding a motion to dismiss because "*[Plan] documents are 'integral to the complaint and are specifically referenced in th[e] pleading*.'" *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 565 (S.D.N.Y. 2011) (emphasis added); *see also Levy ex rel. Immunogen Inc. v. Southbrook Int'l*

3

the Patient, not Empire or the Fund, to reimburse an out-of-network provider, like Plaintiff, for any amount that the provider bills above the allowed amount under the Plan.  *See, e.g.*, Genovese Decl., Ex. A, p. 16 ("If you do not use an Empire BlueCross/BlueShield Preferred Provider for your Major Medical benefit, the Fund only wills pay Allowable Charge, which is the <u>lesser</u> of the amount that the Fund would have paid an Empire BlueCross/BlueShield Preferred Provider for the procedure or the provider's actual charge for the procedure and ***you will be responsible for the unpaid balance***.") (emphasis added).  This fact was acknowledged by Plaintiff in the Amended Complaint.  Am. Compl. ¶ 4 ("[t]he Patient is responsible for the remaining charges").

Moreover, under the Plan, members/beneficiaries are required to obtain pre-authorization prior to receiving certain medical services, such as those at issue in this case.  *See* Genovese Decl., Ex. A, p. i.  ("**It is absolutely necessary that you verify coverage with the Fund Office before incurring expenses under the Plan so that you can be sure that there is coverage for you or your Dependents.**") (emphasis in original); *id.*, p. 11 ("**PRECERTIFICATION IS REQUIRED ON ALL ELECTIVE ADMISSIONS, ALL IN-PATIENT ADMISSIONS AND ANY SURGICAL PROCEDURES PERFORMED IN ANY FACILITY**.") (emphasis in original).  Yet, there is no indication in the Amended Complaint that the required pre-certification was sought.  Am. Compl., *passim*.

---

*Invs., Ltd.*, 263 F.3d 10, 13 (2d Cir. 2001), *cert. denied*, 535 U.S. 1054 (2002).  Courts in the Second Circuit have repeatedly held that for ERISA cases,

> [a]lthough the Plan was not attached as an exhibit to the complaint, it is integral to the complaint and is incorporated by reference—indeed, it is repeatedly referenced in the complaint and forms the very basis for plaintiffs' claims.  It is therefore properly considered by the Court on deciding the instant motion to dismiss.

*Prof'l Orthopaedic Assocs., PA v. 1199 Nat'l Benefit Fund*, No. 16-cv-4838 (KBF), 2016 U.S. Dist. LEXIS 161774, at *2 n.2 (S.D.N.Y. Nov. 22, 2016), *aff'd*, 697 F. App'x 39 (2d Cir. 2017).

Plaintiff also alleges that,

[o]ther than neurosurgeons affiliated with LINA, there are no neurosurgeons with Dr. Schneider's skill and expertise to perform the complex surgery that was performed for Patient BK.  There were no neurosurgeons in Empire's network who could perform this surgery.

*Id*. ¶ 17.  Plaintiff further alleges that, "[s]ince Empire could not have identified any Preferred Provider in its network on whom to base the amount to pay Plaintiff, Plaintiff is entitled to its actual charge for each of the billed procedures under the express terms of the Fund's terms."  *Id.* ¶ 18.  However, such speculative allegations cannot be true, as Plaintiff fails to allege that it (or anyone else) requested this information from Empire, thereby precluding any possibility that Empire could have located and/or recommended a qualified in-network provider.  *See, e.g.*, Genovese Decl., Ex. A, p. i.

Furthermore, Plaintiff alleges in paragraph 20 of the Amended Complaint that,

Empire should have offered Dr. Schneider and LINA a Single Case Agreement. Such an agreement is common among insurers and out-of-network providers where the insurer does not have a provider in its network which can provide the required procedures or services for its member. It is a one-time agreement negotiated with the provider and does not encompass services beyond that provided to the single member.  As such, ***it is a negotiated exception to the rates set out in the Certificate of Insurance governing out-of-network reimbursement or a reimbursement for urgent medical care***.  By under-reimbursing Plaintiff, Defendants left Patient BK exposed to LINA for the unreimbursed medical expenses rendered to him.

(emphasis added).  In other words, Plaintiff first theorizes that a "Single Case Agreement" should have been be entered into, despite the fact that ***no such obligation exists in the Plan***.  Plaintiff then actually ***admits*** that it is seeking to avoid the applicable reimbursement rates under the Plan. *Id.*  Ultimately, Plaintiff's own allegations undermine its claims:  Plaintiff essentially concedes that it is looking for any viable option to get paid more, despite the clear terms of the Plan.  *Id.*

Plaintiff also alleges that, "[p]ursuant to the terms of the Plan, the 'Allowed Charge' for an out-of-network Provider is the 'lesser of the amount that the Fund would have paid an Empire Blue

Cross/Blue Shield Preferred Provider for the procedure of the provider's actual charge for the procedure.'" *Id.* ¶ 16.  This allegation, however, erroneously quotes the terms of the Plan, which, in fact, defines "Allowable Charge" as: "the lowest of (1) the amount listed in the Fund's Schedule of Allowances for a given procedure; (2) the usual charge by the health care provider for the same or similar service or supply; (3) the charge that the Fund would pay under an agreement with a preferred provider organization to provide services to Covered Persons; or (4) the health care provider's actual charge." *See* Genovese Decl., Ex. A, p.1.  Outside of mere conclusory statements that Plaintiff is entitled to full reimbursement of its unilaterally set billed charges, Plaintiff has failed to allege any basis for its claim that Empire under-reimbursed Plaintiff for the Services.

Finally, Plaintiff alleges that "Empire violated its legal obligations under this ERISA-governed plan when it under-reimbursed Plaintiff for pediatric neurosurgical services provided to Patient BK, in violation of the terms of the Certificate of Insurance and in violation of ERISA § 502(a)(l)(B), 29 U.S.C. § 1132(a)(l)(B) and for failing to provide the Certificate of Insurance to Plaintiff."  Am. Compl. ¶ 46.   Yet, there is neither an obligation under the law nor the Plan for Empire to provide an out-of-network provider with copies of health plan documents of its patients, like the Patient; Empire is not the "Plan Administrator," as defined under 29 U.S.C. § 1002(16)(A).

## ARGUMENT

## I.   STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(6) of the FRCP, a court must first assume the truth of the factual allegations of the complaint and make all reasonable inferences in favor of the plaintiff.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002).  Second, "the court [must] determine[] whether the well-pleaded factual allegations...plausibly give rise to an entitlement to relief." *Intellectual Capital Partner v. Institutional Credit Partners LLC*, No. 08-cv-10580, 2009 U.S. Dist. LEXIS 58768, at *8

(S.D.N.Y. July 8, 2009) (citing *Iqbal*, 556 U.S. at 679) (internal quotations and citations omitted).

As the Supreme Court explained,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ...a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level...

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

In meeting the "plausibility standard," plaintiffs must demonstrate "more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).  Furthermore, it has long been the case that a court will "not permit conclusory statements to substitute for minimally sufficient factual allegations."  *Furlong v. Long Island Coll. Hosp.*, 710 F.2d 922, 927 (2d Cir. 1983); *see also Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (stating that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (internal citations and quotations omitted); *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Aiken v. Nixon*, 236 F. Supp. 2d 211, 221 (N.D.N.Y. 2002) (stating that "a plaintiff cannot...defeat a motion to dismiss with conclusory allegations, unwarranted speculation, unsupported deductions, or legal arguments cast as factual pleadings") *aff'd*, 80 F. App'x 146 (2d Cir. 2003).

The Amended Complaint, which is comprised of unsupported factual allegations and bare legal conclusions, cannot withstand a motion to dismiss under the standards set forth in *Twombly* and *Iqbal*; it must be dismissed under Rule 12(b)(6) of the FRCP.

## II.     PLAINTIFF FAILS TO STATE A CLAIM UNDER ERISA FOR ADDITIONAL BENEFITS

Plaintiff's Amended Complaint should be dismissed due to Plaintiff's failure to state a claim for which relief can be granted.  To prevail on a § 502(a)(1)(B) claim, "a plaintiff must show that (1) the plan is covered by ERISA, (2) plaintiff is a participant or beneficiary of the plan, and (3) plaintiff was wrongfully denied [benefits] owed under the plan."  *Giordano v. Thompson*, 564 F.3d 163, 168 (2d Cir. 2009) (internal citations omitted).  Here, despite having the Plan (as evidenced by Plaintiff's citation to it in the Amended Complaint), Plaintiff does not reference a ***single*** provision of the Plan that has allegedly been violated.  Nor does the Amended Complaint contain factual allegations sufficient to demonstrate that there was an underpayment for any medical services, as required by the Second Circuit.  Instead, the Amended Complaint merely alleges in a conclusory fashion that Plaintiff, an out-of-network provider, was "under-reimbursed" without pleading any facts demonstrating that additional reimbursements are warranted under the Patients' Plan.  *See* Am. Compl. ¶ 46.

In *1199SEIU Nat'l*, 697 F. App'x 39, 41, the Second Circuit affirmed the district court's dismissal of a complaint and held that the plaintiffs had not "plausibly stated a claim for relief under ERISA § 502(a)(1)(B)" because the "complaint alleges that the [defendant] is required to pay the 'usual, customary and reasonable rates' for services rendered by the out-of-network providers . . . but it fails to identify any provision in the plan documents requiring the [defendant] to pay such rates." (citing *Guerrero v. FJC Sec. Servs.*, 423 F. App'x 14, 17 (2d Cir. 2011) ("[T]o the extent that [plaintiff] sought to recover benefits owed to him under a plan pursuant to § 502(a)(1)(B), his allegations were so vague that he did not suggest any basis for relief.")); *see also N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 135 (2d Cir. 2015) (affirming dismissal of Section 1132(a)(1)(B) claim where complaint failed to "satisfy the

*Twombly* pleading standard" by not "identify[ing the] patients' plans or the terms of their plans");

*Majied v. New York City Dep't of Educ.*, No. 16-cv-5731(JMF), 2018 WL 333519 (S.D.N.Y. Jan. 8, 2018) (dismissing plaintiff's § 502(a)(1)(b) claim for wrongful denial of benefits because "[s]uch barebones allegations are insufficient to state a claim"). Plaintiff fails to state a claim to meet the ERISA pleading standards articulated by *1199SEIU* and its predecessors.

A recent decision from the District of New Jersey is also illustrative. In *Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co*., No. 17-cv-4600 (FLW), 2018 U.S. Dist. LEXIS 47181 (D.N.J. Mar. 22, 2018) ("*Atl. Plastic*"), the court analyzed the pleading requirements necessary to assert an ERISA claim. The court, in the context of dismissing the plaintiffs' claims (*and citing to 1199SEIU*), noted the following:

> The Court finds that, even accepting as true the allegations in the Complaint, Plaintiffs have failed to allege sufficient facts upon which to state a plausible claim for wrongful denial of benefits under § 502(a)(1)(B). Significantly, the plain language of § 502(a)(1)(B) requires a plaintiff to demonstrate his entitlement to 'benefits due to him *under the terms of his plan*.' 29 U.S.C. § 1132(a)(1)(B) (emphasis added). To that end, the Third Circuit has emphasized that, 'to assert an action to recover benefits under ERISA, a plaintiff must demonstrate that he or she [has] a right to benefits that is legally enforceable against the plan.' *Saltzman v. Indep. Blue Cross*, 384 F. App'x 107, 111 (3d Cir. 2010) (quoting *Hooven*, 465 F.3d at 574). Here, Plaintiffs' threadbare allegation that Defendants violated § 502(a)(1)(B) by failing to pay the 'usual and customary charge' for the Procedure, without any concomitant allegation that the Plan obligated Defendants to pay for out-of-network medical services in accordance with the 'usual and customary' rate, is fatal to their claim for unpaid benefits.

*Id.* at *29 (emphasis in original). The reasoning in *Atl. Plastic* similarly applies here.

Likewise, the Amended Complaint contains no factual allegations plausibly demonstrating Plaintiff's entitlement to relief. *See Pruter v. Local 210's Pension Tr. Fund*, No. 15-cv-1153, 2016 U.S. Dist. LEXIS 30499, at *9 (S.D.N.Y. Feb. 8, 2016), *vacated and remanded on other grounds*, 858 F.3d 753 (2d Cir. 2017) (dismissing 502(a)(1)(b) claim because "Plaintiffs cite no authority—from the Plan or otherwise… and the Court finds none upon a review of the Plan.");

*Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, No. 10-cv-04911-EJD, 2011 U.S. Dist. LEXIS 75433, at *13 (N.D. Cal. July 13, 2011) ("To state a claim under [§ 502(a)(1)(B)], a plaintiff must allege facts that establish the existence of an ERISA plan as well as ***the provisions of the plan that entitle it to benefits***." (emphasis added)).   As discussed *supra*, the Plan provides rationale as to how the "Allowable Charge" is calculated when a Patient decides ***not*** to use an in-network or a "Preferred Provider."  Genovese Decl., Ex. A, p. 18.  Thus, Plaintiff's allegation that "Empire violated its legal obligations under this ERISA-governed plan when it under-reimbursed Plaintiff for pediatric neurosurgical services provided to Patient" (Am. Compl. ¶ 46), is without merit based on the terms of the Plan.  Given that Plaintiff alleges that it is an assignee of the Patient's benefits under the Plan (*id.* ¶ 31), Plaintiff effectively alleges that it takes the Patient's health benefits subject to the terms and provisions of the Plan.  Plaintiff cannot demand to be entitled to anything in excess of what is allowed under the Patient's Plan and/or what is afforded to the Patient.  As the court stated in *Shah v. Blue Cross Blue Shield of Michigan*, in dismissing a similar out-of-network plaintiff-provider's ERISA claim against a defendant-insurer, "[i]n short, there appears to be no factual or legal justification for the Complaint's demand for the full sum of his charges."  No. 17-cv-00711, 2018 WL 2148866, at *8 n.12 (D.N.J. May 10, 2018).

At bottom, while the allegations in Plaintiff's Amended Complaint are "such [] vague statements [of] the kind of 'unadorned, the-defendant-unlawfully-harmed-me accusation' that does not pass muster under Rule 8(a)," they also appear to ignore the Plan and/or seek relief that is wholly unwarranted.  *See Nyame v. Bronx Leb. Hosp. Ctr.*, No. 08-cv-9656, 2010 U.S. Dist. LEXIS 33949, at *18 (S.D.N.Y. Mar. 31, 2010) (holding that conclusory statements that someone was denied benefits that were allegedly owed "are insufficient to make out a plausible claim under ERISA"); *see also McDonough v. Horizon BCBS*, No. 09-cv-571, 2009 U.S. Dist. LEXIS 93642,

10

at *9 (D.N.J. Oct. 7, 2009) (quoting *Iqbal*, 556 U.S. at 677).

Therefore, Plaintiff fails to state a cause of action against Empire.  As such, the Amended
Complaint should be dismissed in its entirety and with prejudice.

## III.   PLAINTIFF'S DEMAND FOR ADDITIONAL DAMAGES AND OTHER RELIEF SHOULD BE STRICKEN.

Plaintiff appears to seek compensatory damages, in addition to other requests for relief;
however, ERISA does not permit recovery of extra-contractual damages.  *See Mass. Mut. Life Ins.
Co. v. Russell*, 473 U.S. 134, 148 (1985) (stating that the lack of express inclusion in ERISA
Section 502(a) of a remedy of extra-contractual damages precluded recovery of such damages).
Accordingly, Plaintiff's remedies are limited to those expressly set forth in ERISA and any other
damages requested in the Amended Complaint must be stricken or dismissed.

## CONCLUSION

Defendant Empire HealthChoice Assurance, Inc. respectfully requests that the Court
dismiss the Amended Complaint in its entirety and with prejudice.

Dated:  January 25, 2019
New York, New York                          TROUTMAN SANDERS LLP

                                            By: */s/ Amanda Lyn Genovese*
                                            Amanda Lyn Genovese

                                            *Attorneys for Defendant Empire HealthChoice
                                            Assurance, Inc.*

11