UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LONG ISLAND NEUROSURGICAL ASSOCIATES, P.C., <br><br> Plaintiff, <br><br> v. <br><br> EMPIRE BLUE CROSS BLUE SHIELD, and DIVISION 1181 A.T.U. NEW YORK WELFARE FUND, <br><br> Defendants. | CIVIL ACTION NO.: <br> 2:18-cv-03963-JMA-AYS <br><br> Honorable Joan M. Azrack |

**REPLY MEMORANDUM OF LAW OF
DEFENDANT EMPIRE HEALTHCHOICE ASSURANCE, INC.
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

TROUTMAN SANDERS LLP
Amanda Lyn Genovese
875 Third Avenue
New York, NY 10022
Telephone:    (212) 704-6000
Facsimile:    (212) 704-6288

*Attorneys for Defendant Empire HealthChoice Assurance, Inc.*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 1

    I.    PLAINTIFF FAILS TO STATE A CLAIM FOR ADDITIONAL BENEFITS UNDER ERISA ............................................................................... 1

    II.    PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND ................... 6

CONCLUSION ........................................................................................................................ 6

## TABLE OF AUTHORITIES

Page(s)
**Cases**

*Atlantic Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*,
No. 17–4600, 2018 WL 1420496 (D.N.J. Mar. 22, 2018) .......................................................... 5

*Complete Foot & Ankle v. CIGNA Health & Life Ins. Co.*,
No. 17–13742, 2018 WL 2234653 (D.N.J. May 16, 2018) ....................................................... 5

*DeFelice v. American Int'l Life. Assurance Co. of N.Y.*,
112 F.3d 61 (2d Cir. 1997) ......................................................................................................... 4

*Firestone Tire and Rubber Co. v. Bruch*,
489 U.S. 101 (1989) ................................................................................................................... 5

*Giordano v. Thompson*,
564 F.3d 163 (2d Cir. 2009) .................................................................................................. 2, 5

*Guerrero v. FJC Sec. Servs., Inc.*,
423 F. App'x 14 (2d Cir. 2011) ................................................................................................. 5

*LeMoine v. Empire Blue Cross Blue Shield*,
No. 16–6786, 2018 WL 1773498 (D.N.J. Apr. 12, 2018) .......................................................... 5

*McDonough v. Horizon BCBS*,
No. 09-cv-571, 2009 U.S. Dist. LEXIS 93642 (D.N.J. Oct. 7, 2009) .................................... 3, 4

*N.Y. State Psych. Ass'n, Inc. v. UnitedHealth Grp.*,
798 F.3d 125 (2d Cir. 2015) ...................................................................................................... 5

*Prof'l Orthopaedic Assocs., PA v. 1199SEIU Nat'l Ben. Fund*,
697 F. App'x 39 (2d Cir. 2017) ................................................................................................. 5

*Salute v. Aetna Life Ins. Co.*,
No. 04-cv-2035(TCP)(MLO), 2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005) ............................ 4

*Shah v. Blue Cross Blue Shield of Michigan*
No. 17-cv-00711, 2018 WL 2148866 (D.N.J. May 10, 2018) ................................................... 4

*Young v. Hartford Life and Acc. Ins. Co.*,
No. 09 Civ. 9811(RJH), 2011 WL 4430859 (S.D.N.Y. Sept. 23, 2011) .................................... 4

This reply memorandum of law is respectfully submitted on behalf of Defendant Empire HealthChoice Assurance, Inc. d/b/a Empire Blue Cross Blue Shield ("Empire") in further support of its motion for an Order dismissing the Amended Complaint of Plaintiff Long Island Neurosurgical Associates, P.C. ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

Plaintiff's Opposition to Empire's Motion to Dismiss does much to confuse what is, in reality, a very straightforward situation. Despite its ample verbosity, Plaintiff still cannot identify any provision in the Plan[1] under which it is entitled to additional reimbursement. Quite simply, that is because there is no such provision: Plaintiff is not entitled to additional reimbursements of its Patient's medical benefits just because it is unhappy with the Plan-proscribed rates and, instead, wants its full billed charges.[2]

For these reasons, as well as those included in Empire's Memorandum in Chief, and as further stated herein, Plaintiff's Amended Complaint should be dismissed with prejudice.

## ARGUMENT

**I.  PLAINTIFF FAILS TO STATE A CLAIM FOR ADDITIONAL BENEFITS UNDER ERISA**

First, despite Plaintiff's attempts to muddy the waters, Plaintiff still fails to state a claim for additional benefits under ERISA. While Plaintiff parses through Empire's Motion, waxing at length about how it wishes the Plan operated so as to provide it additional benefits, Plaintiff's hypothetical interpretation does not mean that Plaintiff (or the Patient) was improperly denied

---

[1] All defined terms herein shall be ascribed the same meaning as in Empire's Memorandum in Chief.

[2] Indeed, Plaintiff has seemingly already remedied this issue by becoming a participating, in-network provider with Empire in 2018.

1

benefits under the Plan (which Plaintiff must establish to state a claim under § 502(a)(1)(B)). *See Giordano v. Thompson*, 564 F.3d 163, 168 (2d Cir. 2009) (internal citations omitted). In its Opposition, Plaintiff seeks to avoid the minimal—and mandatory—pleading requirement to identify the term of the Plan (which Empire attached to its Motion) that allegedly entitles Plaintiff, an out-of-network provider, to the benefits it seeks—in fact, Plaintiff abjectly fails to identify any Plan term allegedly conferring additional benefits.

Second, Plaintiff fails to respond to Empire's arguments in its Memorandum in Chief that the medical claims for the Services were appropriately paid under the Plan. *See* 29 U.S.C. § 1132(a)(1)(B) (only authorizing claims to recover benefits, enforce rights, or clarify future rights to benefits that arise "under the terms of the plan"). Plaintiff also fails to address the following arguments:

- In the Plan, it is the responsibility of the Patient, not Empire or the Fund, to reimburse an out-of-network provider, like Plaintiff, for any amount that the provider bills above the allowed amount under the Plan. *See, e.g.*, Genovese Decl., Ex. A, p. 16 ("If you do not use an Empire BlueCross/BlueShield Preferred Provider for your Major Medical benefit, the Fund only wills pay Allowable Charge, which is the <u>lesser</u> of the amount that the Fund would have paid an Empire BlueCross/BlueShield Preferred Provider for the procedure or the provider's actual charge for the procedure and ***you will be responsible for the unpaid balance***.") (emphasis added).

- Under the Plan, members/beneficiaries are required to obtain pre-authorization prior to receiving certain medical services, such as those at issue in this case. *See* Genovese Decl., Ex. A, p. i.; *id*., p. 11. Plaintiff fails to address the lack of specific pre-certification allegations in the Amended Complaint in its Opposition.

2

- Plaintiff fails to substantiate its allegations regarding that it (or anyone else) requested information regarding the existence of a Preferred Provider in Empire's network. *See, e.g.*, Genovese Decl., Ex. A, p. i.

- Plaintiff fails to address Empire's arguments regarding its allegations that, "[p]ursuant to the terms of the Plan, the 'Allowed Charge' for an out-of-network Provider is the 'lesser of the amount that the Fund would have paid an Empire Blue Cross/Blue Shield Preferred Provider for the procedure of the provider's actual charge for the procedure.'" *Id.* ¶ 16. Empire's Memorandum in Chief highlighted how this allegation erroneously quotes the terms of the Plan, which, in fact, defines "Allowable Charge" as: "the lowest of (1) the amount listed in the Fund's Schedule of Allowances for a given procedure; (2) the usual charge by the health care provider for the same or similar service or supply; (3) the charge that the Fund would pay under an agreement with a preferred provider organization to provide services to Covered Persons; or (4) the health care provider's actual charge." *See* Genovese Decl., Ex. A, p.1. Despite this correction, Plaintiff still cannot identify why it should be exempted from the Allowable Charge provision of the Plan and, instead, be paid its unilaterally-set rates.

Third, Plaintiff fails to address Empire's argument that Plaintiff's Amended Complaint ignores the provisions of the Plan and/or seek relief that is wholly unwarranted under the Plan. *See McDonough v. Horizon BCBS*, No. 09-cv-571, 2009 U.S. Dist. LEXIS 93642, at *9 (D.N.J. Oct. 7, 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). For example, Plaintiff fails to address paragraph 20 of the Amended Complaint, which alleges that,

> Empire should have offered Dr. Schneider and LINA a Single Case Agreement. Such an agreement is common among insurers and out-of-network providers where the insurer does not have a provider in its network which can provide the required procedures or services for its member. It is a one-time agreement negotiated with

3

>  the provider and does not encompass services beyond that provided to the single member. As such, *it is a negotiated exception to the rates set out in the Certificate of Insurance governing out-of-network reimbursement or a reimbursement for urgent medical care*. By under-reimbursing Plaintiff, Defendants left Patient BK exposed to LINA for the unreimbursed medical expenses rendered to him.

(emphasis added). First, there is no obligation for a "Single Case Agreement" in the Plan and, second, by this allegation Plaintiff is acknowledging that it merely seeks to avoid the applicable reimbursement rates under the Plan. *Id.* Plaintiff's own allegations, as well as Plaintiff's omissions in its Opposition, undermine its claims: Plaintiff concedes that it is looking for any viable option to get paid more, despite the clear terms of the Plan. "In short, there appears to be no factual or legal justification for the Complaint's demand for the full sum of his charges." *Shah v. Blue Cross Blue Shield of Michigan*, No. 17-cv-00711, 2018 WL 2148866, at *8, n. 12 (D.N.J. May 10, 2018).

Fourth, Plaintiff's opposition notes, in a footnote, the following: "How Empire actually reimbursed LINA—whether by Medicare rates or some other methodology, must await discovery." Opp'n p. 5. However, discovery is limited to the controlling administrative record in ERISA cases, such as this one. In fact, "under the arbitrary and capricious standard, the Court is limited to evaluating only the evidence that was before the plan administrator at the time of the denial of benefits." *Salute v. Aetna Life Ins. Co.*, No. 04-cv-2035(TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005) (citation omitted); *Young v. Hartford Life and Acc. Ins. Co.*, No. 09 Civ. 9811(RJH), 2011 WL 4430859, at *13 (S.D.N.Y. Sept. 23, 2011) ("[T]he Court may not consider documents outside of the administrative records…"). That said, even when a *de novo* standard of review is applied, the Court's review is still "limited to the record in front of the [ERISA] claims administrator unless the district court finds good cause to consider additional evidence." *DeFelice v. American Int'l Life. Assurance Co. of N.Y.*, 112 F.3d 61, 66-67 (2d Cir.

4

1997).[3] Thus, Plaintiff's suggestion that anything "await" discovery is without merit; there is nothing to be gained from allowing this case to proceed.

Finally, Plaintiff's opposition attempts to twist the allegations in the Amended Complaint to tie it to the Plan and bring it within the confines of ERISA, but the Amended Complaint alleges that benefit payments should have been based on something other than what is afforded under the Plan. Since the Amended Complaint has failed to meet one of the most basic requirements of an ERISA claim (identification of an allegedly violated provision of an ERISA plan), the Amended Complaint should be dismissed. *See Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir. 2009); *Prof'l Orthopaedic Assocs., PA v. 1199SEIU Nat'l Ben. Fund*, 697 F. App'x 39, 41 (2d Cir. 2017); *Guerrero v. FJC Sec. Servs., Inc.*, 423 F. App'x 14, 16-17 (2d Cir. 2011); *N.Y. State Psych. Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 135 (2d Cir. 2015).[4]

Accordingly, Plaintiff's fails to state a cause of action under ERISA and, as a result, the Amended Complaint should be dismissed with prejudice.

---

[3] When an employee welfare benefit plan vests the administrator with discretion to construe and interpret terms of the plan, to determine eligibility for benefits, or to resolve disputes over eligibility, the administrator's determination is subject to a deferential, arbitrary and capricious standard of review by the court. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

[4] Bald allegations that Plaintiff, as an out-of-network provider, was not paid the entirety of what it was owed is insufficient to survive a motion to dismiss. *See Complete Foot & Ankle v. CIGNA Health & Life Ins. Co.*, No. 17-13742, 2018 WL 2234653, *2 (D.N.J. May 16, 2018) (finding Complaint that contained little more than an assertion that plaintiff was owed more than it was paid for the services it provided insufficient under Rule 8); *LeMoine v. Empire Blue Cross Blue Shield*, No. 16-6786, 2018 WL 1773498, at *6 (D.N.J. Apr. 12, 2018) (granting motion to dismiss, finding plaintiff "fail[ed] to plausibly plead which portions of [benefit plans] have been violated); *Atlantic Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17–4600, 2018 WL 1420496, at *10-11 (D.N.J. Mar. 22, 2018) (dismissing claim where plaintiff's "threadbare allegations" did not point "to any provision of a ... benefit plan suggesting" an entitlement to payment).

5

## II. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

Plaintiff has already amended its initial Complaint once following Empire's initial request for a pre-motion conference to schedule briefing on a motion to dismiss. The Amended Complaint that followed is a continued effort by Plaintiff to seek additional reimbursement when there are no grounds for the same in the law. The Court should not reward Plaintiff with an additional opportunity to amend; the Amended Complaint should be dismissed with prejudice.

## CONCLUSION

Defendant Empire HealthChoice Assurance, Inc. respectfully requests that the Court dismiss the Amended Complaint in its entirety and with prejudice.

Dated: March 11, 2019
New York, New York

TROUTMAN SANDERS LLP

By: */s/ Amanda Lyn Genovese*
Amanda Lyn Genovese

*Attorneys for Defendant Empire HealthChoice Assurance, Inc.*