```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────X         For Online Publication Only
LONG ISLAND NEUROSURGICAL
ASSOCIATES, P.C.,

                Plaintiff,

        -against-                            ORDER
                                             18-CV-3963 (JMA) (AYS)
EMPIRE BLUE CROSS BLUE SHIELD and
DIVISION 1181 A.T.U. NEW YORK WELFARE                FILED
FUND,                                                CLERK

                                             3/25/2020 11:05 am
                Defendants.
                                                 U.S. DISTRICT COURT
──────────────────────────────────X         EASTERN DISTRICT OF NEW YORK
                                                  LONG ISLAND OFFICE
```

**AZRACK, United States District Judge:**

Plaintiff Long Island Neurosurgical Associates, P.C. ("Plaintiff") brings this action against defendants Empire Blue Cross Blue Shield ("Blue Cross") and Division 1181 A.T.U. New York Welfare Fund (the "Fund," together with Blue Cross, "Defendants") seeking payment for services rendered to a patient covered by an ERISA employee benefit insurance plan administered and/or sponsored by Defendants. (See ECF No. 8 (the "Amended Complaint").) Defendants filed motions to dismiss the Amended Complaint which I referred to Magistrate Judge Anne Y. Shields for a report and recommendation on November 6, 2019. (ECF No. 36.)

On March 2, 2020, Judge Shields issued a Report and Recommendation (the "R&R") recommending that: (1) the Amended Complaint be dismissed as to any claim that Plaintiff is entitled to full reimbursement; (2) a determination on the merits of whether the amount actually paid by Blue Cross violated the employee benefit insurance plan await judicial review of the administrative record upon a motion for summary judgment; and (3) Plaintiff be permitted to re-plead any independent claim it has against the Fund by filing a second amended complaint. (ECF No. 39.) On March 28, 2019, the Fund filed a partial objection to the R&R, arguing that Plaintiff

should not be able to amend its complaint for a second time to replead any independent claims against the Fund. (ECF No. 40.) Plaintiff opposed the Fund's objection. (ECF No. 41.) Having conducted a review of the full record (including the motion papers, R&R, objection, and opposition) and the applicable law, I adopt Judge Shields's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, the court must "make a *de novo* determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

First, the Court finds no clear error in the portions of Judge Shields's R&R to which there are no specific objections. Accordingly, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Specifically, Plaintiff's claim that it is entitled to full reimbursement is dismissed, but any claim with respect to underpayment must await summary judgment.

The only portion of the R&R to which an objection was made is the portion recommending that the Court permit Plaintiff to replead any independent claims against the Fund. Undertaking a *de novo* review of this portion of the R&R, the Court agrees with Judge Shields's determination that Plaintiff should be permitted to re-plead any such claim, even though the cause of action based on the alleged conduct is unclear. While the Court is skeptical that Plaintiff will be able to plead a valid cause of action based on the allegations of "bullying," the Court finds leave to amend

should be freely given at this point, particularly as the issue was not fully briefed in the motions to dismiss. Plaintiff shall file a second amended complaint by April 24, 2020. Leave to amend is granted without prejudice to the Fund seeking to move to dismiss the newly-pled claim.

**SO ORDERED.**

Dated: March 25, 2020
Central Islip, New York

                                                  /s/  (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE